IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

_____
                                        )
**GINA C. PHILLIPS,**                   )
                                        )
    **Plaintiff,**                  )
                                        )
    **v.**                          )    **CIVIL NO. 3:07CV300**
                                        )
**JAMES HENRY PACKARD,**                )
                                        )
    **Defendant.**                  )
_____ )

## MEMORANDUM OPINION

This matter is before the Court by consent of the parties on the Plaintiff, Gina Phillips's ("Phillips"), Motion to Remand (docket entry no. 2.)  The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid the decisional process.  For the reasons set forth herein, Phillips's motion will be DENIED.

## I.  MATERIAL FACTS

This suit arises out of a car accident that occurred in New Kent County, Virginia on February 28, 2005.  The accident, which is alleged to have been caused by the negligence of Defendant James Packard ("Packard"), caused Phillips (a Virginia resident) to suffer various physical and mental injuries.  (See generally Compl., attached as Ex. A to docket entry no. 1.)  Phillips filed a lawsuit in the New Kent County Circuit Court on December 29, 2006, seeking $500,000 in damages from Packard.  (Compl., *Ad Damnum*.)

Packard filed a Notice of Removal in this Court on May 24, 2007, claiming that this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) was invoked because, at the time

Phillips's lawsuit was filed in state court, the parties were citizens of different states. (Def.'s Notice of Removal ¶¶ 7-10.) Phillips filed a Motion to Remand contending that no such diversity jurisdiction existed. The matter is now ripe for disposition.[1]

## II. ANALYSIS

The sole issue to be decided is whether Packard was a citizen of Virginia at the time the state court lawsuit was filed such that this Court is compelled to remand the matter to state court for lack of subject matter jurisdiction. Phillips contends that Packard was a Virginia citizen at the time the state court action was filed, while Packard argues that he was (and still is) a citizen of Alabama at that time, thus making federal diversity jurisdiction proper.

28 U.S.C. § 1441(a) authorizes the removal of a civil action from state court to federal court when the action initiated in state court is one that could have been brought, originally, in a federal district court. This Court has original jurisdiction over matters between citizens of different states when the amount in controversy exceeds $75,000.[2] 28 U.S.C. § 1332(a). When federal court jurisdiction is predicated on the parties' diversity of citizenship, removal is permissible "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which [the] action [was] brought." Id. § 1441(b). Diversity of citizenship is determined at the time an action is commenced. Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991); Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830 (1989)

---

[1] Packard's Notice of Removal was timely. A notice of removal must be filed within thirty days of receipt by the defendant through formal service of the state court process. 28 U.S.C. § 1446(b). Even though Phillips's lawsuit was filed on December 29, 2006, Packard was not formally served until April 26, 2007. (Pl.'s Mem. at 2.) Thus, Packard's Notice of Removal, filed on May 24, 2007, was within the thirty-day removal period.

[2] As Phillips seeks $500,000 in damages, her prayer for relief well exceeds the jurisdictional minimum.

("The existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed."); see also 13B C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3608, at 448-49 (2d ed. 1984 & Supp. 2007). The party seeking removal, here Packard, bears the burden of establishing jurisdiction by a preponderance of the evidence. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994); Schwenk v. Cobra Mfg. Co., 322 F. Supp. 2d 676, 678 (E.D. Va. 2004).

"Because diversity jurisdiction depends on the citizenship status of the parties at the time an action commences," this Court "must focus [its] jurisdictional inquiry solely on that time." Athena Auto., Inc. v. Digregorio, 166 F.3d 288, 290 (4th Cir. 1999) (citing Freeport-McMoRan, 498 U.S. at 428; Leimbach v. Allen, 976 F.2d 912, 917 (4th Cir. 1992); and Mullins v. Beatrice Pocahontas Co., 489 F.2d 260, 261 (4th Cir. 1974)). "This conclusion is supported by the governing language of § 1332 which speaks in the present tense of civil actions where the matter in controversy '*is* between citizens of different States' . . . ." Athena, 166 F.3d at 290 (quoting 28 U.S.C. § 1332(a)(1) (emphasis added)). A person is considered a citizen of a state if that person is domiciled within that state, see Gilbert v. David, 235 U.S. 561, 569 (1915), and mere residence in a state is not alone sufficient, see Steigleder v. McQuesten, 198 U.S. 141, 143 (1905); Sun Printing & Publ'g Ass'n v. Edwards, 194 U.S. 377, 382-83 (1904). For purposes of determining a person's domicile:

> "[A] person is 'domiciled' where he or she has established a 'fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely.'" Lew v. Moss, 797 F.2d 747, 749-50 (9th Cir. 1986). Furthermore, a person may change his domicile "instantly by taking up residence in another state with the intent to remain there. 'He need not intend to remain permanently at the new domicile; it is enough that he intends to make the new state his home and that he has no present intention of going elsewhere.'" Gambelli v. United States, 904 F. Supp. 494, 497

      (E.D. Va. 1995) (citing Miller v. Lee, 241 F. Supp. 19, 22 (W.D.S.C. 1965)).

The United Co. v. Keenan, 2006 U.S. Dist. LEXIS 76125, at * 9-10 (W.D. Va. Oct. 20, 2006) (Sargent, J.), aff'd, 2006 U.S. Dist. LEXIS 82116 (W.D. Va. Nov. 9, 2006). The Court may consider several factors in making a domicile determination, examining the individual's: (1) current residence; (2) voting registration and voting practices; (3) location of personal and real property; (4) location of brokerage and bank accounts; (5) place of employment or business; (6) driver's license and automobile registration; (7) payment of taxes; and (8) location of family. 13B C. Wright *et al*., Federal Practice and Procedure § 3612, at 530-31 (2d ed. 1984 and Supp. 2007); see also McCann v. George W. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. (2006) (Scirica, C.J.) (citing Wright *et al*. and noting similar factors that a court may consider in making a domicile determination for purposes of citizenship in the diversity jurisdiction context). This list is by no means exhaustive, and instead should depend on the facts of a particular case. A preponderance of the evidence submitted by the parties in this case reveals that Packard was a citizen of Alabama at the time Phillips filed her lawsuit in Virginia state court and, thus, the action was properly removed to this Court pursuant to 28 U.S.C. § 1441.

      By way of sworn affidavit, Packard concedes that he was a Virginia resident at the time of the accident in February 2005. (Def.'s Mem. Opp'n, Ex. A ¶ 2) (hereinafter "Packard Aff.".) Yet he also affirms that, in November 2006, he accepted a position with his current employer, Technisource, Incorporated, in Huntsville, Alabama. (Id. ¶ 3.) On December 10, 2006, Packard executed a lease for an apartment in Huntsville, with said lease to commence on December 16, 2006. (Id. ¶ 4; see also Def.'s Mem. Opp'n, Ex. B.) Thereafter, on December 16, Packard and his family moved to Alabama, and the family has "not been back to the Commonwealth of

-4-

Virginia since that time." (Packard Aff. ¶ 5.) As a natural part of his move, Packard has "opened new bank accounts in Huntsville," has "changed [his] vehicle's state of registration from Virginia to Alabama to reflect" the family's new address, and he has "registered to vote in Huntsville" as well. (Id. ¶ 9.) Finally, Packard affirms that he intends to remain in Alabama "permanently" and "indefinitely." (Id. ¶ 7.) All of these facts weigh in favor of finding Packard's domicile to be that of Alabama. A preponderance of the evidence demonstrates that Packard was a resident and domiciliary of Alabama prior to the commencement of Phillips's lawsuit against him in Virginia. He has demonstrated (1) a physical presence in Alabama; and (2) the intent to remain there such that diversity jurisdiction is proper. See Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) (citation omitted).

Despite these facts, Phillips argues that Packard has failed to meet his burden to demonstrate the existence of diversity jurisdiction. In support of this contention, Phillips has submitted two internet printouts purportedly indicating that Packard was a resident of Virginia at the time the state court suit was filed, and that also indicate that Packard did not become a citizen of Alabama until February 2007. (Pl.'s Mem., Exs. B and C.) But the two documents are unclear in what they purport to track or show, and the Court will not speculate about the documents' contents in an effort to find a lack of diversity jurisdiction in this particular case. Moreover, although the printouts contain typescript that is difficult to read, both apparently contain the same substantive disclaimer labeled as "Important" by the creators of the website: the printouts note that the information provided therein may "have errors"; is "generally not free from defect"; "should not be relied upon as definitively accurate"; and "should be independently verified" before "relying on any data this system supplies." Such "evidence," if it can even be

construed as such, hardly overcomes that evidence submitted by Packard in support of his contention that he was a citizen of and domiciled in Alabama prior to the commencement of this lawsuit in a Virginia circuit court. Phillips's Motion to Remand must therefore be DENIED.[3]

An appropriate Order shall issue.

_____/s/_____
Dennis W. Dohnal, U.S. Magistrate Judge

Date: 8/24/2007
Richmond, Va.

---

[3] Furthermore, it is noted that Phillips, as the moving party in regard to the motion to remand, has failed "to set the motion for hearing or to arrange with opposing counsel for submission of the motions without oral argument" within the allotted time period. E.D. Va. Loc. R. 7(E). Accordingly, the motion is deemed to have been withdrawn in any event. Id.